IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NICKI G. WIPF, ) | |
| ) | |
|    Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:05-cv-4078-JPG |
| ) | |
| LISA KOWALSKI, et al., ) | |
| ) | |
|    Defendants. ) | |

**ORDER**

On January 6, 2006, this Court conducted a telephonic discovery dispute conference. Attorney Thomas T. Dunbar appeared on behalf of the Plaintiff and attorney Thomas B. Borton appeared on behalf of the Defendants. The dispute centered around whether the Plaintiff could ask the Defendant, Dr. Lisa Kowalski, at a deposition, to diagram or draw the medical procedure at issue.

Federal Rule of Civil Procedure 26(b)(1) provides for the discovery or any relevant matter, not privileged. Rule 30(a) provides for one means of discovery: "deposition upon oral examination." The Defendants contends that this phrase conclusively means that Dr. Kowalski is not required to comply with a request during a deposition to illustrate a medical procedure as it does not call for an "oral" answer. The Defendants further contends, among other things, that she is not required to create an illustration because it may be an unreliable representation of the procedure.

Rule 30(c), however, provides that "examination and cross-examination of witnesses may proceed as permitted at the trial under the provisions of the Federal Rules of Evidence . . . ." with exceptions that are not relevant here. The Court has discovered no rule of evidence that would prevent a witness from creating a diagram to illustrate his/her testimony at trial. In addition,

Rule 30(d) only contemplates three objections that can be raised that would prevent a deponent from testifying – privilege objections, objections based on a limitation imposed by the Court, and an objection in order to raise a Rule 30(b)(4) motion to prevent harassment and abuse, among other things. None of these objections apply to the situation at hand. Therefore, the Plaintiff may ask, at a deposition, for the Defendant to illustrate her testimony with a diagram or drawing. See generally, DAVID A. BINDER, ET AL., DEPOSITION QUESTIONING STRATEGIES AND TECHNIQUES, 138-141 (2001).[1] Of course, the Defendants may interpose objections to the diagram and may preserve their objection that any such diagram may not be used at trial. However, the Defendants may not prevent Dr. Kowalski from illustrating the procedure, if she is capable.

During the conference, the Defendants also raised the issue of whether the Plaintiff must turn over all documents submitted to the Plaintiff's testifying expert. The Plaintiff agreed that she must turn over all of the medical reports relied on by her expert (the parties agree that the Plaintiff already has produced this material to the Defendants). The Defendants, however, contend that Plaintiff's expert may have relied on other information, including material provided by Plaintiff's attorney and/or letters between the expert and Plaintiff's counsel, that Plaintiff has not produced to the Defendants. The Plaintiff indicates that any such letters or material are covered by the work product privilege. In order to resolve this issue, the Plaintiff shall submit to chambers, for an *in camera* inspection, all material submitted to Plaintiff's expert that have not been produced to the Defendants. The Plaintiff shall also include a privilege log with the

---

[1] The Court suggests, however, that the parties agree to an anatomical representation of the organ at issue, that is accurate and to-scale, and use that representation in further questioning of the Defendant.

documents and the expert report.  The documents shall be submitted by **January 13, 2006.**[2]


**DATED: January 6, 2006**

**s/ Donald G. Wilkerson**
**DONALD G. WILKERSON**
**United States Magistrate Judge**

---

[2] In support of their contention, the Defendants referred the Court to two cases, In re Pioneer Hi-Bred Internationa, Inc., 238 F.3d 1370 (8th Cir. 2001) and TV-3, Inc. v. Royal Insurance Company of America, 194 F.R.D. 585 (S. D. Miss. 2000).  The Plaintiff may submit, by the deadline, citations to any counter-authority she believes are appropriate.