IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NICKI G. WIPF, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. 4:05-cv-4078-JPG |
| | ) |
| LISA KOWALSKI, et al., | ) |
| | ) |
|     Defendants. | ) |

**ORDER**

This matter is before the Court on the Motion for Attorney Fees and Costs to Re-Open Deposition of Defendant filed by the Plaintiff, Nicki G. Wipf, on February 24, 2006 (Doc. 34). The motion is **DENIED**.

**BACKGROUND**

On January 6, 2006, this Court held a telephonic discovery dispute conference regarding a dispute that arose during the deposition of the Defendant, Lisa Kowalski.[1] At the deposition, the Plaintiff requested that the Defendant illustrate the medical procedure that is at the heart of this lawsuit. The Defendant, upon the advice of counsel, refused to comply with the request. In an order following the discovery dispute conference, this Court held that the Defendant may be asked to illustrate the procedure and that counsel, pursuant to Federal Rule of Civil Procedure 30(d), could not instruct her not to answer. At the conference, the Plaintiff also requested attorneys fees and costs for the re-opening of the deposition in order for the question to be re-answered. The Plaintiff was instructed to file a motion.

In filing the motion, the Plaintiff seeks $3,339.02 in fees and costs. This amount

---

[1] The Plaintiff initially filed a written motion to compel (Doc. 19) which was stricken in light of the Order Regarding Discovery (Doc. 15).

encompasses costs for travel, a court report, and attorney fees related to the re-opening of the deposition. The Plaintiff's motion necessarily "anticipates" these fees and costs as the re-deposition of the Defendant had not taken place prior to the filing of the motion.

## DISCUSSION

Federal Rule of Civil Procedure 37, under various circumstances, allows for the impositions of costs and fees as a sanction for discovery abuses. In particular, Rule 37(a)(4)(A) provides that such sanctions (to cover the costs of filing the motion) shall be imposed unless "the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust."[2]

In this particular instances, the Plaintiff seeks the fees and expenses for re-convening the deposition. The Plaintiff cites to no Federal Rule or case authority that would allow for such an imposition of sanctions. The sanction of "reasonable expenses," as oppose to "reasonable expenses incurred in making the motion," is limited to those circumstances were, under Rule 37(b), a party fails to obey an order of the Court or, under Rule 37(d), where a party fails to attend their deposition. There has been no showing that the Defendant has failed to comply with an order or has failed to participate in her deposition. Therefore, this Court will not impose sanctions for the re-convening of the deposition.

In her reply brief, however, the Plaintiff attaches an affidavit of her attorney that does

---

[2] It is the policy of this Court to handle discovery disputes informally through a telephonic conference rather than through written motions. Therefore, no *written* motion to compel was considered; however, the Plaintiff's *oral* motion to compel deposition responses was considered. Therefore Rule 37(a), and the remedies contained therein, apply to this issue.

show the expenses incurred in filing and seeking appropriate deposition answers.  The affidavit indicates that attorney expenses in the amount of $562.50 ($150 hourly rate times 3.75 hours of work) were incurred in participating in the discovery dispute conference and in filing/replying to this motion for sanctions.  The Court does not doubt the reasonableness of the hourly rate or the amount of time expended.  However, sanctions will not be imposed.  The Plaintiff waived any argument regarding reasonable expenses for filing and prosecuting the discovery and sanctions motion by raising it for the first time in the reply brief.  See e.g. Hess v. Reg-Ellen Machine Tool Corporation, 423 F.3d 653, 665 (7th Cir. 2005); Dye v. United States, 360 F.3d 744, 751 n.7 (7th Cir. 2004).  In any event, the Court will not impose sanctions for a brief telephonic conference concerning the sole issue of whether the deponent can be asked whether she can illustrate the procedure she employed.[3]  Such a sanction will not further this litigation in any way and would be unjust in light of the limited and brief nature of the dispute.

Finally, though no party raises this issue, the Order Regarding Discovery does indicate that the non-prevailing party will bear the expense of the conference call.  As the Defendant was the non-prevailing party, she should have bourne the cost of the conference call.  The Court assumes, in light of this standing order and because this issue was not raised by the Plaintiff, that the Defendant did indeed pay for the telephonic conference call that occurred on January 6, 2006.

---

[3] The Court notes that the informal discovery dispute procedures are designed to minimize the cost to litigants in bringing discovery disputes to the attention of the Court.  In addition, prior to adjourning the deposition in question, and prior to spending the time generating the stricken motion to compel, the Plaintiff could have sought an immediate teleconference which would have obviated the need to these written motions.  These procedures are outlined on this Court's webpage and in the Order Regarding Discovery.

## CONCLUSION

For the reasons set forth above, the Motion for Attorney Fees and Costs to Re-Open Deposition of Defendant filed by the Plaintiff, Nicki G. Wipf, on February 24, 2006 is **DENIED** (Doc. 34).

**DATED: April 21, 2006**

<u>s/ Donald G. Wilkerson</u>
**DONALD G. WILKERSON**
**United States Magistrate Judge**